UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: | ) |
| | ) Chapter 13 |
| RONALD A. PASSALUGO | ) Case No.: 18-12123 |
| Debtor, | ) |

# DEBTOR'S OBJECTION TO PROOF OF CLAIM (#3-1) FILED BY WELLS FARGO BANK, N.A.

NOW COMES the Debtor, Ronald A. Passalugo, through Counsel, pursuant to Fed. R. Bankr. Pro. 3007 and respectfully objects to the Proof of Claim filed in the above-entitled case by Wells Fargo Bank, N.A. ("Wells Fargo") on July 17, 2018, which is Claim Number 3-1 on the Claims Register maintained by the Clerk of Court.

The grounds for this objection are as follows:

1. Section 9 on page 2 of the Proof of Claim states that the amount necessary to cure any default as of the date of the petition is $158,164.82. The Debtor disputes this amount.

2. Page 23 of the Mortgage Proof of Claim Attachment states that as of June 6, 2016, the principal, interest, and escrow past balance due is $113,417.72. However, in the Response to Notice of Final Cure Payment filed by Wells Fargo in the Debtor's prior bankruptcy, case # 11-20350, on June 8, 2016, Wells Fargo states that as of June 6, 2016, the post-petition balance due is $78,232.82, less a suspense balance of $1,281.82, for a total of $76,951.00. The Response to Notice of Final Cure Payment is attached hereto as Exhibit A.

3. The Debtor would like some clarification as to why back in 2016, Wells Fargo states that as of June 6, 2016, $76,951.00 was due, but now in 2018, Wells Fargo states that as of June 6, 2016, $113,417.72 was due.

4. If the amount due as of June 6, 2016, is in fact $76,951.00, then it follows that the amount necessary to cure any default as of the petition date should be significantly less than the $158,164.82 listed in the Proof of Claim.

5. The Debtor therefore disputes that the pre-petition arrears due is $158,164.82

6. The Debtor therefore states that the Proof of Claim amount necessary to cure any default as of the petition date of $158,164.82 should not be allowed and requests that Wells Fargo clarify the payment discrepancy.

For the reasons set forth above, the Debtor respectfully objects to the Proof of Claim, Number 3-1, filed by Wells Fargo Bank, N.A. and states that the claim should not be allowed pending clarification from Wells Fargo.

Respectfully Submitted,

The Debtor,
By his Attorney,

/s/ Peter M. Daigle_____
Peter M. Daigle, Esquire
BBO # 640517
1550 Falmouth Road, Suite 10
Centerville, MA 02632
(508) 771-7444
pmdaiglesq@yahoo.com

Dated: August 7, 2018

## NOTICE OF OBJECTION/RESPONSE DEADLINE

Pursuant to MLBR 3007-1 and MLBR 13-13, you are hereby notified that all objections and/or responses to the Debtor's Objection to the claim of Wells Fargo Bank, N.A. must be filed within thirty (30) days.

## CERTIFICATE OF SERVICE

I hereby certify that I have on this date caused a duplicate copy of the above to be served upon all parties of record via electronic mail or first class mail postage prepaid as described below.

          Respectfully Submitted,
          The Debtor,
          By His Attorney,

          /s/ Peter M. Daigle_____
          Peter M. Daigle, Esquire

Date:  August 7, 2018

Electronic Mail:

Carolyn Bankowski, US Trustee
John Fitzgerald, Asst. US Trustee
Tatyana P. Tabachnik, Esquire, for Wells Fargo Bank, N.A.

First Class Mail:

Wells Fargo Bank, N.A.
Default Document Processing
N9286-01Y
1000 Blue Gentian Road
Eagle, MN 55121-7700

Wells Fargo Bank, N.A.
Attn: Shelby Lawrence, Vice President
Loan Documentation
1000 Blue Gentian Road
Eagle, MN 55121-7700

Wells Fargo Bank, N.A.
c/o Tatyana P. Tabachnik, Esquire
Orlans PC
PO Box 540540
Waltham, MA 02454